IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01990-BNB

JEREMY PINSON,
    Plaintiff,
v.

SEAN SNIDER,
ARMIJO,
J. GARNER,
R. HUDDLESTON,
JOHN DOES 1-6,
CHRISTOPHER SYNSVOLL, and
CLAY COOK,
    Defendants.

ORDER DISMISSING CASE

Plaintiff is in the custody of the Federal Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado. On February 27, 2014, Plaintiff submitted a Motion to Dismiss, ECF No. 6. The Court will construe the Motion as a Notice of Voluntary Dismissal and dismiss the action for the following reasons.

Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Defendant has not filed an answer in this action. Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* 8-41 James Wm. Moore et al., Moore's Federal Practice § 41.33(6)(a) (3d ed. 1997); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The case, therefore, will be closed as of February 27, 2014, the date the Notice was filed with the Court. *See Hyde Constr. Co.*, 388 F.2d at 507.

The Court, however, will also note the following.  Mr. Pinson has a history of filing voluntary dismissals and unexhausted claims in many of his cases.  Since 2007, Mr. Pinson has filed at least 136 civil cases in various federal district courts.  Approximately forty-three actions have been filed in this Court, of which twenty-three are prisoner complaints.  In thirty-one of the 136 cases, Mr. Pinson opted to voluntarily dismiss the case.  (*See* Attached Appendix).  In several of these cases the request for voluntarily dismissal was after the case had proceeded through briefing on a motion to dismiss and several requests to amend had been filed.  In other cases, the request to dismiss was after a decision was entered denying a motion for injunctive relief.  In a few cases, the dismissal was because the case was going to be dismissed for failure to exhaust, for failure to state a claim, or as legally frivolous.   In *Pinson v. Whetsel, et al.*, No. 06-cv-01372-F (W.D. Okla.  Feb. 21, 2007), Mr. Pinson conceded, after a motion for injunctive relief was denied, that he elected to dismiss the case because he did not want to acquire a strike.

Mr. Pinson's voluntary dismissal in this action, like many of the previous voluntary dismissals he has filed, is done with high disregard for the integrity of the federal judiciary system.  Mr. Pinson has asserted previously in this Court that he is well versed on how to file and exhaust his administrative remedies.  *See Pinson v. Davis*, No. 11-cv-00608-WYD, ECF No. 15 at 6 (D. Colo. March 10, 2011).  Mr. Pinson also acknowledges he acts as a jailhouse lawyer, *see Pinson v. Fed. Bureau of Prisons, et al.*, No. 11-cv-00768-LTB.  Mr. Pinson's professed knowledge of how to exhaust administrative remedies, and the fact that on at least four occasions he has had a complaint dismissed for failure to exhaust, *see Pinson v. St. John, et al.*, No. 10-cv-

01832-RBP-HGD (N.D. Ala. Feb. 25, 2013); *Pinson v. Fox*, No. 07-cv-00646-MAC-ESH (E.D. Tex. Feb. 5, 2008); *Pinson v. Fe. Bureau of Prisons, et al.*, No. 07-cv-00346-RC-KFG (E.D. Tex. Aug. 2, 2007); and *Pinson v. Watkins, et al.*, No. 06-cv-00323-F (W.D. Okla. May 9, 2007), calls into question his honesty and motive for filing unexhausted claims in federal district courts.

Nonetheless, the Notice of Dismissal, will be entered pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  Accordingly, it is

ORDERED that the Notice of Voluntary Dismissal, ECF No. 6, is effective as of February 27, 2014, the date Plaintiff filed the Notice in this action.

DATED at Denver, Colorado, this 18th day of March, 2014.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge

## Appendix

***Pinson v. Snider, et al.*, No. 13-cv-01990-BNB (D. Colo. Filed July 24, 2013)** (claims he was exposed to chemical agents; notice of **voluntary** dismissal because has not exhausted administrative remedies);

***Pinson v. Madison, et al.*, No. 13-cv-00157-LTB (D. Colo. Mar. 25, 2013)** (originally Pinson and Mr. Villatoro were plaintiffs to the action; Villatoro filed a notice of voluntary dismissal and after Pinson was directed to file an amended complaint that stated how he was in imminent danger of serious physical injury Pinson filed a notice of **voluntary** dismissal; four months later both plaintiffs filed a motion to reinstate that was denied);

***Pinson v. Fed. Bureau of Prisons, et al.*, No. 11-cv-02112-LTB (D. Colo. Dec. 20, 2011)** (claimed rights violated under Crime Victims Rights Act, 18 U.S.C. § 3771; ordered to cure deficiencies and Pinson objected claiming $350 filing and PLRA does not apply, and he does not have to submit his claims on Court-approved form, objection was overruled; Pinson filed petition for writ with Tenth Circuit and motion for declaratory relief to clarify if relief is available under § 3771; the court denied the declaratory motion; Pinson then filed amended complaint that contained Eighth Amendment violation and § 3771 claim and court ordered Pinson to show cause why *in forma pauperis* should not be denied under § 1915(g); Pinson then filed injunctive motion, motion to seal, motion for subpoena deuces tecum and a response to show cause order; court considered all filings and found no imminent danger and denied Pinson's motion to reconsider denial under § 1915(g); Pinson filed a notice of **voluntary** dismissal; Pinson then filed a notice of appeal regarding the denial of § 1915 status and an amended complaint listing sixteen defendants and asserting a laundry list of First, Fifth, and Eighth Amendment claims), *appeal dismissed*, No. 12-1002 (10th Cir. Feb. 10, 2012) (ordered to pay fee in full, failed to pay and dismissed for failure to prosecute);

***Pinson v. McKnight, et al.*, No. 11-cv-02752-VEH-HGD (N.D. Ala. Aug. 18, 2011)** (notice of **voluntary** dismissal eleven days after files states is subject to § 1915(g) and cannot pay fee in full;

***Pinson v. Fed. Bureau of Prisons, et al.*, No. 11-cv-00768-LTB (D. Colo. Aug. 15, 2011)** (claims PTSD and bipolar with history of cooperating with law enforcement, is known to have written critical published articles, sued prison officials, and acted as jailhouse lawyer, as a result he has been transferred to ADX Florence where he is in solitary confinement, housed by gang members, denied protective custody, allows white supremists to threaten and use violence against other prisoners; and denied prayer pie and ceremonial tobacco as part of his Native American religious practices; filed motion to add parties and to supplement; court entered order to show cause why *in forma pauperis* status should not be denied under § 1915(g); order to show cause discharged because cases counting as strikes not final; Pinson then filed a notice of **voluntary** dismissal);

***Pinson v. Rathman, et al.*, No. 10-cv-02469-AKK-HGD (N.D. Ala. June 30)** (claims

4

required to have cellmate even though most are violent and mentally ill and some gang members in complaint and injunctive motion; in amended complaint claims was placed in ambulatory restraints without clothing, linens, blankets, or property, denied meals, denied psychiatric treatment, and was beaten; recommendation said no physical injury and no excessive force; Pinson objected and filed amended complaint, but court accepted recommendation and dismissed for failure to state claim), *appeal dismissed*, No. 11-13287 (11th Cir. Aug. 17, 2011) (**voluntary** dismissal by Pinson-claims joint stipulation);

*Pinson v. Lappin*, **No. 11-cv-00854-HGD (N.D. Ala. May 24, 2011)** (claims post-traumatic stress disorder and bipolar disorder, designated for placement at ADX in Florence, Colorado, in retaliation for filing lawsuits, is X-member of Sureno gang and not properly protected from gangs; transferred from D.D.C. to N.D. of Ala. for proper venue; Pinson asks for transfer to Colorado after transfer to Ala, which Ala. did; recommendation for transfer entered and Pinson filed notice of **voluntary** dismissal because he filed in Colorado11-cv-768, which was filed on Mar. 25, 2011, before 11-cv-854 was filed);

*Pinson v. Rathman, et al.*, **No. 11-cv-00278-KOB-HGD (N.D. Ala. Mar. 2, 2011)** (**voluntary** dismissal);

*Pinson v. Keffer, et al.*, **No. 10-cv-01229-F (W.D. Okla. Feb. 25, 2011)** (Pinson was denied leave to proceed because subject to § 1915(g) restriction but given an opportunity to amend and state imminent danger but then Pinson filed notice of **voluntary** dismissal);

*Pinson v. Fed. Bureau of Investigation, et al.*, **No. 10-cv-01917-RBP-HGD (N.D. Ala. Sept. 8, 2010)** (filed complaint and motion for injunctive relief claimed FBI confiscated his property as part of a criminal investigation for attempted murder and repeatedly questioned him, denied his right to an attorney; told to pay initial fee, filed notice of no funds, and then filed a notice of **voluntary** dismissal);

*Pinson v. Lappin, et al.*, **No. 09-cv-02001-CLS-HGD (N.D. Ala. Nov. 16, 2009)** (transferred from the D. D.C. was case no. 09-cv-1744; N.D. Ala. ordered to cure deficient pleading and Pinson filed notice of **voluntary** dismissal);

*Pinson v. Norwood, et al.*, **08-cv-00660-AHS-JEM (C.D. Cali. Nov. 10, 2009)**) (Pinson was granted his request for **voluntary** dismissal; claimed prison staff took all of his legal papers in this case and refused to feed or medicate him for twenty-four hours, his weakness and light-headedness renders him unable to participate in case; Pinson then filed motion to vacate dismissal claiming he dismissed because cellmate threatened to kill him if he did not dismiss the action; motion to vacate denied because Pinson's credibility undermined by the BOP records and the authenticity of his exhibit supporting his claims, ECF No. 103), *aff'd*, No. 10-56049 (9th Cir. Jan. 12, 2011) (district court's

denial of motion to vacate not abuse of discretion because evidence by defendants

either undermines Pinson's allegations or demonstrates fabrication);

*Pinson v. Warden, FCC Coleman*, **No. 09-cv-00118-WTH-GRJ (M.D. Fla. Apr. 20, 2009)** (after case was placed on docket as Track One case and Pinson was directed to serve notice to all parties of designation Pinson filed notice of **voluntary** dismissal claiming "alternative resolution" by parties and claims are moot);

*Pinson v. Cubb, et al.*, **No. 09-cv-00697 (S.D. Tex. Apr. 8, 2009)** (complained of side effects of prescribed drug to "stop the violence"; Within two weeks after case filed Pinson filed notice of **voluntary** dismissal);

*Pinson v. Revell, et al.*, **No. 08-cv-01023-MSK-BNB (D. Colo. Feb. 23, 2009)** (after 102 entries on the docket, including first **voluntary** dismissal after filing first amended complaint; notice of **voluntary** dismissal after 102 entries on docket was granted);

*Pinson v. Shaw, et al.*, **No. 07-cv-00572-F (W.D. Okla. Feb. 23, 2009)** (after 135 entries on the docket, including filing two amended complaints, a motion to dismiss, extension of time to effect service, motion to amend complaint, motions to consolidate with 08-cv-198-F, request to depose witnesses, objections to magistrate recommendation, and motions to compel, Pinson filed a notice of **voluntary** dismissal claiming denial of access to his legal papers, which the court granted finding defendants had not filed an answer to amended complaint or motion for summary judgment);

*Pinson, et al., v. Kleckner, et al.*, **No. 09-cv-00063-WTH-GRJ (M.D. Fla. Feb. 17, 2009)** (claims a fire was started in his cell and prison staff failed to protect Pinson and Hernandez-Cadena, coplaintiff, from smoke inhalation and burns and delayed removing Plaintiff from the damaged cell; court dismissed case for failure to state a claim because remedies were not exhausted), *appeal dismissed*, No. 09-10996 (11th Cir. Mar. 17, 2009) (notice of **voluntary** dismissal);

*Pinson v. Fauver, et al.*, **No. 08-cv-03176 (S.D. Tex. Jan. 12, 2009)** (laundry list of claims; several injunctive motions, two amended complaint, motion for recusal, then files a motion to withdraw second injunctive and amend motions; Pinson files a notice of **voluntary** dismissal once he is transferred to other prison facility);

*Pinson v. McGehee, et al.*, **No. 08-cv-00062-MAC-ESH (E.D. Tex. Aug. 6, 2008)** (claimed fell from top bunk during epileptic seizure; failed to pay initial partial filing fee; recommended dismissal; fee paid; Pinson then filed motion to amend and subsequently a notice of **voluntary** dismissal);

*Pinson v. Gutierrez, et al.*, **No. 07-cv-00580-RC-KFG (E.D. Tex. June 30, 2008)** (claims defendants (other inmates) physically and sexually assaulted him; although notice of **voluntary** dismissal filed on October 24, 2007, the court dismissed the action for want of prosecution;

*Pinson v. Watkins, et al.*, **No. 08-cv-00556-F (W.D. Okla. June 19, 2008)** (Staff at

Oklahoma Department of Corrections failed to protect form gangs; transferred and Pinson filed notice of **voluntary** dismissal);

*Pinson v. Porter, et al.*, **No. 08-cv-00198-F (W.D. Okla. June 2, 2008)** (Pinson acknowledges same claims as asserted in Case No. 07-572-F in W. D. Okla.; action dismissed in part as repetitive of 07-572 and found remaining claims not proper for joinder in 07-572 as Pinson requests; Pinson then filed a notice of **voluntary** dismissal);

*Pinson v. Revell, et al.*, **No. 08-cv-00130-ZLW (D. Colo. Mar. 3, 2008)** (claims in segregation and has received mental health treatment since he was 10 but now has been denied psychological treatment and was denied access to legal material for his case in Okla, 07-572-F; filed injunctive motion regarding conspiracy to kill him by staff and inmates, inmate beat him, lieutenant told him to drop lawsuit or he would be harmed and he dismissed Case No. 07-cv-2420-MSK-BNB, and lieutenant told inmates he was snitch and going to USP Terre Haute where he will be in substantial risk of harm; Pinson filed a request to file second amended complaint to merge this action with 08-cv-00177-MSK-BNB and 07-cv-02420-MSK-BNB, even though he submitted a motion to dismiss these two cases; Pinson then filed a motion for joinder of Robert Kilgore and his case, Case No. 08-cv-00263-ZLW; Pinson then filed a notice of **voluntary** dismissal);

*Pinson v. Revell, et al.*, **No. 07-cv-02420-MSK-BNB (D. Colo. Feb. 8, 2008)** (first filed a petition for writ of mandamus, then claimed needed telephonic conference because life in danger, then submitted a letter that staff beat him up and told him to drop lawsuit, which he filed a notice of **voluntary** dismissal but withdrew the notice and complied with the court's earlier order to cure; filed an injunctive motion claiming he was government witness and needs to be protected, then filed a notice that he had been beaten unconscious and cut with a razor and forced to have a cell mate; Pinson again files motion to dismiss, but withdraws it, and also filed another motion for injunctive relief, followed by another motion for emergency order and hearing, and a motion for default; finally on February 8, 2009, Pinson files another motion for **voluntary** dismissal, claiming amicable informal resolution of issues under review);

*Pinson v. Fox*, **No. 07-cv-00575-MAC-KFG (E.D. Tex. Jan. 17, 2008)** (filed motion to seal and TRO; motion was granted; Pinson was transferred to other facility and subsequently filed notice of **voluntary** dismissal);

*Pinson v. Fed. Bureau of Prisons, et al.*, **No. 07-cv-00346-RC-KFG (E.D. Tex. Aug. 2, 2007)** (recommendation to dismiss for failure to exhaust remedies; Pinson then filed notice of **voluntary** dismissal);

*Pinson v. Whetsel, et al.*, **No. 07-cv-00276-F (W.D. Okla. Apr. 25, 2007)** (challenging conditions of the Oklahoma County Detention Center; filed two motions for injunctive relief, a motion to amend, failed to provide account statement and after told a second time it is his responsibility to pay the initial filing fee and no other inmates where he is housed have expressed problems to the court regarding jail staff refusing to remit fees

Pinson entered a **voluntary** notice of dismissal);

***Pinson v. United States Marshal Svc.*, No. 07-cv-00148-F (W.D. Okla. Feb. 27, 2007)** (recommendation that action be dismissed with prejudice for failure to state claim, lack of subject matter jurisdiction, and as duplicitous; Pinson filed notice of **voluntary** dismissal);

***Pinson v. Whetsel, et al.*, No. 06-cv-01372-F (W.D. Okla.  Feb. 21, 2007)** (claiming failure to protect; Pinson submitted six injunctive motions, two motions for issuance of subpoenas before service, sought joinder of five other inmates; Pinson filed a notice of **voluntary** dismissal after injunctive motions were denied and stated that he was dismissing the case because it was clear he would not prevail on the merits and he did not want to acquire a "strike" and, therefore, would elect to raise issues in the future);

***Pinson v. Mullins*, No. 06-cv-00017-FHS-SPS (E.D. Okla. Mar. 17, 2006)** (failure to protect claims in complaint and injunctive motion; after Pinson was told to file *in forma pauperis* motion or pay filing fee he filed a notice of **voluntary** dismissal);

***Pinson v. Miller, et al.*, No. 05-cv-01047-F (W.D. Okla. Oct. 31, 2005)** (failure to protect claims; filed two injunctive motions, hearing was set, then Pinson was transferred to another facility; never paid initial partial filing fee and filed a notice of **voluntary** dismissal, which was granted by the court).